# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHRISTINE MARAIS,**

      **Plaintiff,**

                            Case No. 2:15-cv-827
                            JUDGE SMITH
     v.                          Magistrate Judge Kemp

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant, JPMorgan Chase Bank, National Association's (hereinafter "Chase") Motion to Dismiss (Doc. 15) and Plaintiff Christine Marais' Motion to Strike (Doc. 26). The motions are fully briefed and ripe for review. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion to Strike is **GRANTED.**

### I.  BACKGROUND

On September 25, 2006, Plaintiff, Christine Marais, purchased her primary residence, located at 535 Piedmont Road, Columbus, Ohio 43214 (the "Piedmont Property"). (Doc. 1, Compl. ¶ 1, Exs. A and B, Note and Mortgage). On or around September 2007, Chase acquired Plaintiff's mortgage loan.[1] (Doc. 1, Compl. ¶ 28). And around this same time, Plaintiff was allegedly in default on the loan. Plaintiff alleges that Chase repeatedly misapplied many of her mortgage loan payments and applied unauthorized charges to her account. (Doc. 1, Compl. ¶¶

---

[1] Plaintiff alternatively alleges that Chase acquired the mortgage loan on September 11, 2012. (Doc. 1, Compl. ¶ 32, Ex. C).

38-47). Based on these allegations, Plaintiff brought an action against Chase Home Finance in 2011 for failing to properly apply overpayments on her mortgage loan and improperly charging her late fees and interest. She alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f)(2), the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code, section 1345.01, *et seq.*, as well as state common law conversion. (*See* Doc. 1 in Case No. 2:11-cv-31). This Court ultimately decided that Plaintiff was entitled to damages on her RESPA claim relating to her qualified written request ("QWR"). The Court requested Plaintiff submit evidence of her actual damages. (*See* Doc. 53, Order in Case No. 2:11-cv-314). However, prior to any ruling on damages, the parties reached an agreement on damages and Plaintiff has been paid. (*See* Docs. 60-61 in Case No. 2:11-cv-314).

On May 30, 2013, Chase filed a foreclosure action against Plaintiff in the Franklin County Court of Common Pleas.[2] (*See* Doc. 1, Compl. Ex. C). On February 10, 2014, the parties stipulated to a stay of the foreclosure action. (Doc. 1, Compl. ¶ 56). On November 19, 2014, the state foreclosure action was reinstated. (Doc. 1, Compl. ¶ 61). Then, on December 12, 2014, Chase dismissed the foreclosure action. (Doc. 1, Compl. ¶ 62). As of the filing of the pending motion in this case, there has not been any further foreclosure action filed against Plaintiff. Nonetheless, Plaintiff initiated this action seeking a declaratory judgment that Chase is barred from bringing any further action against her arising from her mortgage loan and seeking quiet title to the Piedmont Property. She also alleges a violation of the Fair Debt Collection

---

[2] The aforementioned federal case was not pending at the time the foreclosure action was filed. In September 2012, this Court granted Defendant's Motion for Summary Judgment and Plaintiff appealed. In December 2013, the Sixth Circuit reversed that decision on the RESPA claim and the case was reopened. (*See generally* Case No. 2:11-cv-314).

Practices Act ("FDCPA"), and claims for breach of contract and breach of good faith and fair dealing. (Doc. 1, Compl. ¶¶ 6-7).

## II. STANDARD OF REVIEW

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A*shcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Plaintiff Christine Marais initiated this case against Defendant JPMorgan Chase Bank, National Association for declaratory judgment and to quiet title to the property located at 535 Piedmont Road, Columbus, Ohio 43214 (the "Piedmont Property").  She also brings claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), breach of contract, and breach of good faith and fair dealing.  Chase now moves to dismiss all of Plaintiff's claims.  The Court will address each argument in turn.

**A.  Ripeness/Mootness of Plaintiff's Claims**

Defendant Chase argues that Plaintiff's declaratory judgment action seeking to ban enforcement of the mortgage note is unripe because Chase has not yet commenced any new action to enforce the note.  Plaintiff is asking the Court to declare generally that Chase has no right to enforce the note in the future.

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed, may not occur at all.'"  *Texas v. United States*, 523 U.S. 296, 300 (1998).  Specifically, in an action for declaratory judgment seeking to prevent future foreclosure, like the case at bar, "there is no sufficiently ripe controversy" where it is not alleged that an action to enforce the debt is already proceeding.  *See Willis v. Bank of Am. Corp.*, Case No. 13-02615, 2014 U.S. Dist. LEXIS 105339, *100-102 (D. Md. Aug. 1, 2014); *Void v. OneWest Bank*, Case No. 11-0838, 2011 U.S. Dist. LEXIS 82370, *24-25 (D. Md. July 27, 2011).

Plaintiff has not alleged that Chase is presently trying to enforce the note and in fact, there is no current action pending to enforce the note.  Plaintiff is asking the Court to declare that Chase is barred from bringing any future action to enforce the note.  This is a "contingent future event" and is therefore not ripe for adjudication.

4

Additionally, Defendant argues that Plaintiff's claim for declaratory judgment is moot because any future foreclosure efforts will constitute a different claim or action. Ohio law generally provides that a second foreclosure action on the same note is not barred by res judicata if it involved different acts of default. *Homecomings Fin. Network v. Oliver*, 1st Dist. Hamilton Co. No. C-020625, 2003-Ohio-2668 (May 23, 2003); *Midfed Sav. Bank v. Martin*, 12th Dist. Butler Co. No. CA91-12-202, 1992 Ohio App. LEXIS 3677 July 13, 1992).

Accordingly, to the extent Plaintiff is seeking to bar Defendant from foreclosing on the Piedmont Property based on the past default, those claims are now moot. Presumably following the resolution of Plaintiff's RESPA claim in Case No. 2:11-cv-314, Chase has corrected its previous accounting errors and resumed servicing of Plaintiff's note and mortgage with a clean slate. If Plaintiff is currently receiving mortgage bills, and if she fails to timely make her mortgage payments, then there is nothing to bar Defendant from pursuing a foreclosure action against Plaintiff on Piedmont Property as it would involve a different act of default than the previous foreclosure action.

**B.     Rule 13 – Compulsory Counterclaim**

Plaintiff alleges that she is entitled to declaratory judgment and quiet title because Defendant Chase waived any right to enforce the mortgage and collect on the note in the future by not asserting those rights as a compulsory counterclaim in the previous federal action, Case No. 2:11-cv-314.

Rule 13(a) governing compulsory counterclaims provides:

(1)  In General.  A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
  (A)  arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
  (B)  does not require adding another party over whom the court cannot acquire jurisdiction.

5

"It is well established that failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 (1974)).

The Sixth Circuit has instructed, "[r]ather than look to whether the original claim and counterclaim literally arise out of the same transaction or occurrence, we ask 'Is there a logical relationship between the two claims?'" *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015) (citing *Maddox v. Ky. Fin. Co.*, 736 F.2d 380, 382 (6th Cir. 1984)). Under this test, the Sixth Circuit further instructs: "determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Id*. (citing *Sanders*, 936 F.2d at 277).

The Sixth Circuit in *Maddox* found that defendant's claim for the unpaid balance on the loan was a permissive, rather than compulsory counterclaim to the plaintiff's TILA claim. The Sixth Circuit, referencing *Whigham v. Beneficial Fin. Co. of Fayetteville*, 599 F.2d 1322 (4th Cir. 1979), found the TILA claims involve federal policy, not obligations under the contract and therefore involve different issues of fact and law. *See Maddox*, 736 F.2d at 383. Similarly, this Court in *Bauman* found that the debt claim and the FDCPA claim presented different legal, factual, and evidentiary questions such that Rule 13(a) does not apply. *See Bauman v. Bank of Am., N.A.*, Case No. 2:14-cv-553, 2015 U.S. Dist. LEXIS 4353, *9 (S.D. Ohio Jan. 14, 2015) (Frost, J.).

Defendant argues that Plaintiff Marais' claim for violation of the QWR provisions of RESPA and a foreclosure action do not satisfy the "logical relation" test. Plaintiff, however, argues that they are logically related and therefore should be barred under Rule 13(a). Plaintiff

asserts that all of the facts relevant to both claims overlap, such as the parties, her payment history, amount owed on the note, default and ability to enforce the note.  Further, Plaintiff alleges that the claims are logically related because she had to establish that Chase breached its obligations under the terms of the contract to prevail on her RESPA action.  Plaintiff argues that her "RESPA Action was based on [her] claims that Chase breached its obligations under the note and mortgage by failing to apply [her] mortgage payments and by charging unauthorized late fees and interest."  (Doc. 17, Pl.'s Memo Contra at 7).

Defendant acknowledges, and the Court agrees that there is a factual overlap between a foreclosure action and the RESPA claim with respect to the amount due and owing under the note and mortgage as it pertains to potential damages owed Plaintiff.  However, some overlap of facts is not the test.  The Court must focus on whether the two claims present factual and legal issues that are "largely the same" such that "substantially the same evidence would support or refute both claims."  *Sanders*, 936 F.2d at 277.

In the case at bar, Plaintiff's RESPA action and any foreclosure action brought by Chase present different legal, factual, and evidentiary questions.  Specifically, in Plaintiff's RESPA action, she had to prove that Chase's response to her QWR did not meet the substance of her request under 12 U.S.C. § 2605(e) and she would have to establish that she suffered actual damages as a result of Chase's failure to adequately respond to her QWR.  In a foreclosure action, Chase would have to prove that Plaintiff defaulted on her loan and prove the amount due and owing under the note and mortgage to establish damages.  Plaintiff attempts to argue that the two claims arose out of the same transaction for purposes of Rule 13(a) analysis by suggesting that her federal action arose out of Chase's attempts to collect an incorrect amount on the mortgage loan.  However, it is clear that the underlying action pertains specifically to Plaintiff's

7

QWR request. The facts and legalities of whether a sufficient response was made to Plaintiff's QWR are irrelevant to a foreclosure action. Conversely, the facts and law applicable to a foreclosure action, such as Plaintiff's payment history, the amount owed on the note and the value of the secured property, were not at issue in the RESPA action. The Court therefore finds that the two claims are not logically related and therefore Rule 13(a) is not applicable to this case.

C.   **Quiet Title**

As set forth above, Plaintiff's theory that Chase is barred from enforcing its rights in the note is incorrect. Her assertion that she is entitled to quiet title on the Piedmont Property is based on the aforementioned incorrect theory. Even if Chase were somehow barred from bringing any further foreclosure action against Plaintiff, the note and mortgage loan are still valid. There is nothing in the record to suggest that Plaintiff has paid off the remaining amount owed on her mortgage loan.

However, as set forth in detail in Case No. 2:11-cv-314, there was a dispute regarding the balance due on Plaintiff's mortgage loan as some of her payments were misapplied and penalties were added. If and when Chase seeks to enforce the note, the Court cautions Chase to ensure that the accounting is correct.[3]

D.   **Injunctive Relief**

Plaintiff is seeking injunctive relief on her declaratory judgment action. Where a request for injunctive relief "is premised on [a plaintiff's] federal and state claims," "it is not an independent cause of action and remains 'dependent on the underlying merits of [the plaintiff's]

---

[3] In light of the dispute over the amount owed on Plaintiff's mortgage loan, the parties are encouraged to reach an agreement as to the amount Plaintiff owes going forward. It is clear from this action that Plaintiff wants to avoid any further foreclosure action and Defendant most certainly wants to avoid any further allegations of unfair debt collection practices, therefore a resolution of this matter would be mutually beneficial.

other claims.'" *Saha v. Ohio State Univ.*, Case No. 05-cv-675, 2005 U.S. Dist. LEXIS 44661, *10 (S.D. Ohio Oct. 26, 2005) (Frost, J.).

Accordingly, since Plaintiff's declaratory judgment claims fail, any request for injunctive relief is therefore denied.

**E.     FDCPA**

Plaintiff alleges that Chase is a "debt collector" and that it sent a Loss Mitigation Letter to Plaintiff on or around September 20, 2014 indicating that she was in default on her mortgage loan and threatened foreclosure. (Doc. 1, Compl. ¶¶ 141-143). Plaintiff alleges that this letter, the 2014 Mortgage Loan Statement, the 2015 Mortgage Loan Statement, and reporting to the credit agencies constitute false, deceptive, unfair, and unconscionable actions taken in connection with the attempt to collect a debt in violation of the FDCPA. (*Id.* at ¶¶ 147-184). Plaintiff's arguments are premised on her claim that her debt was no longer valid following the settlement of the RESPA action.

Defendant argues that Plaintiff has failed to plead sufficient facts showing that the debt in question was invalid. The Court agrees. Plaintiff would have to prevail on her claim that Rule 13 bars Chase from ever bringing an action to enforce the mortgage loan or note, erasing any mortgage debt still owed to Chase. Because Plaintiff's theory that Defendant is barred from enforcing the note and mortgage fails, she has failed to state a claim under the FDCPA. She cannot establish that the debt in question was invalid. Accordingly, Plaintiff's FDCPA is hereby dismissed.

9

**F.      Breach of Contract and Breach of Good Faith and Fair Dealing Claims**

Defendant argues, and Plaintiff agrees, that she has already recovered the alleged damages on these claims pursuant to the Rule 68 offer of judgment in the RESPA action. Accordingly, these claims are dismissed.

### IV.      CONCLUSION

In light of the foregoing, Defendant Chase's Motion to Dismiss is **GRANTED**. Plaintiff also moved to strike Defendant's notice of supplemental authority because it was filed out of rule and the referenced authority is immaterial and impertinent. Chase has not filed a response to Plaintiff's Motion, therefore the Motion is **GRANTED**. However, the Court notes that the case cited is relevant authority and was discovered by the Court though its own research.

The Clerk is directed to **REMOVE** Documents 15 and 26 from the Court's pending motions list and terminate this case.

**IT IS SO ORDERED.**

>          */s/ George C. Smith*
> **GEORGE C. SMITH, JUDGE**
> **UNITED STATES DISTRICT COURT**